**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30017 |
| Plaintiff - Appellee, | D.C. No. 2:14-cr-00085-SAB |
| v. | |
| GABRIEL JOSEPH ANDREW, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

Submitted October 14, 2015[**]

Before:     SILVERMAN, BYBEE, and WATFORD, Circuit Judges.

Gabriel Joseph Andrew appeals from the district court's judgment and

challenges the 36-month sentence imposed following his guilty-plea conviction for

assault resulting in substantial bodily injury to a spouse, intimate partner, or dating

partner in Indian Country, in violation of 18 U.S.C §§ 113(a)(7) and 1153.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

Andrew contends, and the government concedes, that remand is warranted because the district court improperly lengthened the custodial sentence to promote Andrew's rehabilitation. We agree that the record reflects that the court lengthened the sentence to ensure that Andrew would receive substance abuse treatment while in custody. Therefore, we vacate and remand for resentencing. *See Tapia v. United States*, 131 S. Ct. 2382, 2391 (2011) (sentencing courts are precluded "from imposing or lengthening a prison term to promote an offender's rehabilitation").

Andrew also requests remand to correct a clerical error in the judgment, which states that he entered federal custody on July 17, 2014, rather than June 17, 2014. The government concedes the error. The judgment entered following Andrew's resentencing shall state that Andrew entered federal custody on June 17, 2014.

In light of this disposition, we decline to reach Andrew's remaining claim of sentencing error.

**VACATED AND REMANDED for resentencing.**

15-30017